# ORIGINAL

(114)
4-9-0[...]
[signature]

## IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| INTERNATIONAL MARKETING, INC., | : | |
| | : | C.A. No. 1:CV 00-0697 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Magistrate Judge Smyser |
| COUNTERACT BALANCING BEADS, INC. | : | |
| | : | |
| Defendant. | : | |
| | : | |

**FILED**
HARRISBURG, P[...]

APR 0 8 2002

MARY E. D'ANDRE[...]
Per _____
Deputy Clerk

## EXPEDITED MOTION OF COUNTERACT BALANCING BEADS
## TO STAY CIVIL CONTEMPT ORDER
## AND PERMANENT INJUNCTION PENDING APPEAL

Defendant Counteract Balancing Beads ("CBB"), by and through its undersigned counsel, moves this Court, pursuant to Federal Rule of Civil Procedure 62, to stay the civil contempt order entered by the Court on March 28, 2002, and to stay the permanent injunction previously entered by the Court on September 14, 2001. CBB respectfully requests expedited consideration of this motion in view of the March 28 Order and dates provided therein. CBB states in support of its motion to stay the civil contempt order and permanent injunction as follows:

1.    During August 6 through August 9, 2001, a bench trial was conducted before the Court to hear plaintiff International Marketing, Inc.'s ("IMI") complaint of false advertising alleged against CBB.

2.    Following the bench trial, on September 14, 2002, the Court filed its Memorandum Opinion and entered an Order (the "September 14 Order") permanently enjoining CBB "from making any statements to the public, its customers and potential customers in which it states or otherwise leads people to believe that Counteract Balancing Beads cling to the inside of a tire in a balancing position as a result of electrostatic cling."

3.    The Court also specifically found that (1) CBB's Beads product are manufactured according to U.S. Patent No. 6,128,952 (the "'952 patent"), and (2) CBB's Beads "do in some instances cling to truck tire inner surfaces after normal use and in normal operating conditions."

4.    Following the entry of the September 14 Order, CBB immediately and with diligence undertook to revise and amend its advertising to ensure that all advertising directed to the United States and United States customers of CBB, would fully comply with the September 14 Order.

5.    Towards that end, CBB substantially revised its four-page fold out brochure; CBB substantially updated and reformed its Internet website to directed U.S. customers to updated and revised website pages for U.S. advertising; and advised its several U.S. distributors of the September 14, 2001 Order and that the prior CBB advertising should be updated according to the updated CBB advertising materials.

6.    On January 23, 2002, IMI filed a Motion For Contempt alleging that CBB had violated and was continuing to violate the September 14 Order by (a) distributing a brochure attached as Exhibit G to IMI's Opening Brief; (b) providing a website that in the advertising directed to non-U.S. customers had "drop-down" windows identifying U.S. distributors of the CBB beads product; (c) providing a notice in the CBB advertising that the beads product is manufactured under and protected by U.S. Patent No. 6,128,952; and (d) labeling its beads product as "kinetic cling beads" instead of "electrostatic cling beads."

7.    During the briefing by the parties, it was conceded by IMI that IMI was incorrect in its allegations that CBB was (a) distributing a brochure attached as

Exhibit G to IMI's Opening Brief; or (b) providing a
website that in the advertising directed to non-U.S.
customers had "drop-down" windows identifying U.S.
distributors of the CBB beads product.

8.   CBB acknowledged that as part of its
advertising, it was (a) providing a notice in the CBB
advertising that the beads product is manufactured under
and protected by U.S. Patent No. 6,128,952; (b) labeling
its beads product as "kinetic cling beads" instead of
"electrostatic cling beads;" and (c) providing, as part of
its Internet website, specific pages directed to U.S.
customers and different pages directed to non-U.S.
customers.  CBB contends that such advertising is fully in
compliance with the September 14 Order.

9.   On March 12, 2002, the Court held an evidentiary
and legal argument hearing for the pending contempt
motion.

10.  On March 28, 2002, the Court entered an Order
(the "March 28 Order") finding CBB in civil contempt and
ordering CBB to comply with the September 14 Order by (a)
removing "from all advertising materials which are
available or are likely to become available to consumers

in the United States of America all references that state or imply that any forces created by the rotation of a tire cause the Counteract Balancing Beads to cling, adhere, stick or position themselves adjacent to the inside surface of a tire when the tire is not in motion;" (b) shutting down its foreign website "unless and until [CBB] eliminates access to users in the United States by requiring the entry of a user name and password to enter the web site, issuing user names and passwords only by mail and making no user name or password available to any person or entity located in the United States by any means including but not limited to the mailing of user names or passwords to any address located in the United States of America; (c) commencing on May 8, 2002, pay a sanction of $1,000 per day to the court until there is compliance with the September 14 Order; and (d) paying the plaintiff's costs and attorney's fees.

11.  On April 1, 2002, CBB filed its Notice of Appeal of the March 28, 2002 civil contempt order.

12.  CBB contends that there are serious and substantial legal questions regarding the scope and application of the September 14, 2001 Order.

-- page 5 --

13.  Specifically, CBB contends that the March 28 Order, relating to a motion for civil contempt for violating the September 14 Order, rewrites the scope of the September 14 Order.  The injunction imposed by the September 14 Order, which is under appellate review, is not the same as the injunction now imposed by the March 28 Order.

14.  Second, the March 28 Order precludes CBB from providing notice that its beads product is protected by and manufactured according to U.S. Patent No. 6,128,952 (the "'952 patent"), even though according to the findings of fact of the September 14 Order, the CBB beads product is manufactured according to the '952 patent.

15.  Third, the March 28 Order restricts CBB's foreign advertising of its product by precluding any foreign and international users access to the CBB's foreign web site until such foreign and international users obtain a user name and password.

16.  CBB contends that there is a substantial and real threat of irreparable harm to CBB's business if the stay is not granted because the September 14 Order as rewritten by the March 28 Order precludes CBB from

advertising on the Internet and in foreign countries except as may be permitted in the United States.

17. CBB also contends there is a substantial and real threat of irreparable harm to CBB's business if the alternative proposed under the March 28 Order, of shutting down the CBB website, is imposed. Such a result precludes CBB from advertising on the world wide web to its foreign customers and clients, and potential foreign customers and clients.

18. CBB further contends that there is an absence of harm to plaintiff IMI if the requested stay is granted in view of the lack of any evidence submitted by IMI in support of its contempt motion showing any harm or loss of business relating to any advertising by CBB in foreign countries or directed to foreign countries even if such advertising is accessible within the United States.

19. CBB also contends that the public interest lies in favor of the entry of the requested stay. Indeed, the public interest in knowing whether an advertised product is protected by a United States patent, and in having free access to the Internet is precisely supported by entry of the stay pending a decision of the appellate court

relating to the propriety, scope, interpretation and application of the September 14 Order and the March 28 Order.

20.  In support of this expedited motion for a stay pending appeal, CBB submits the accompanying Brief In Support Of The Motion For Stay providing the relevant background facts and detailed argument.

Respectfully submitted,

Dated:  April 5, 2002

Kevin W. Goldstein
RATNER & PRESTIA
Suite 301, One Westlakes
P.O. Box 980
Valley Forge, PA  19482
(610) 407-0700

Costas S. Krikelis
RATNER & PRESTIA
Suite 209, Webster Bldg
3411 Silverside Road
P.O. Box 7228
Wilmington, DE  19803
(302) 479-9470

Attorneys for Defendant
Counteract Balancing Beads

# IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|                                        |   |                          |
|----------------------------------------|---|--------------------------|
| INTERNATIONAL MARKETING, INC.,         | : |                          |
|                                        | : | C.A. No. 1:CV 00-0697    |
| Plaintiff,                             | : |                          |
|                                        | : |                          |
| v.                                     | : |                          |
|                                        | : | Magistrate Judge Smyser  |
| COUNTERACT BALANCING BEADS, INC.       | : |                          |
|                                        | : |                          |
| Defendant.                             | : |                          |
|                                        | : |                          |

## CERTIFICATE OF NONCURRENCE

The undersigned, as counsel for Defendant
Counteract Balancing Beads ("CBB"), states and represents
that on April 1, 2002 he attempted to contact counsel for
International Marketing, Inc. ("IMI") on April 1, 2002, to
determine whether IMI concurs or does not concur with the
Rule 62 motion of CBB for a stay pending appeal of the
September 14 Order and March 28 Order.

The undersigned was advised that counsel for IMI
was out of the office, but may be checking his voice mail.
The undersigned left a message requesting whether IMI
would or would not concur with CBB's motion for a stay
pending appeal. Counsel for IMI has not yet returned the

contact by the undersigned.  Accordingly, in the absence of specific concurrence, CBB presumes that IMI will not concur with the motion of CBB for a stay pending appeal.

Dated:  April 5, 2002

_____
Kevin W. Goldstein
RATNER & PRESTIA
Suite 301, One Westlakes
P.O. Box 980
Valley Forge, PA  19482
(610) 407-0700


Counsel for Defendant
Counteract Balancing Beads

## CERTIFICATE OF SERVICE

I hereby certify that two true and correct copies of the foregoing *Expedited Motion Of Counteract Balancing Beads To Stay The Civil Contempt Order And Permanent Injunction Pending Appeal* and supporting Brief were served upon the noted counsel of record by Federal Express, overnight delivery, on April 5, 2002.

Allen C. Warshaw, Esquire
Duane Morris & Heckscher LLP
305 North Front Street, 5th Floor
Harrisburg, PA 17108


Kevin W. Goldstein