● **ORIGINAL** ●

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

INTERNATIONAL MARKETING, INC. :
Professional Arts Building :
Suite C, P.O. Box B :
Chambersburg, PA 17201 :
      Plaintiff, :
       :
v. : CIVIL ACTION
 : No. 1:CV-00-0697
 :
COUNTERACT BALANCING : (Magistrate Judge Smyser)
BEADS, INC. :
13029-8th Line :
RR # 1 :
Georgetown, Ontario L7G 4S4 :
      Defendant. :

**FILED APR 1 5 2002**
PER [signature]
HARRISBURG, PA DEPUTY CLERK

**MEMORANDUM OF LAW IN
OPPOSITION TO MOTION FOR A STAY**

**I.    INTRODUCTION**

    This Court is fully familiar with the procedural history and facts of this case. They are set forth in this Court's opinion of March 28, 2002 and will not be repeated here, except as necessary to an argument.

    Specifically, on September 14, 2001, this Court entered judgment in favor of the Plaintiff, International Marketing, Inc. ("IMI"), and enjoined Defendant, Counteract Balancing Beads, Inc. ("Counteract") from:

1

>  making any statements to the public, its customers and potential customers in which it *states or otherwise leads people to believe* that Counteract Balancing Beads cling to the inside of a tire in a balancing position as a result of electrostatic cling.

See September 14, 2001 Order (emphasis added). Several months later, IMI filed a Motion for Contempt asserting that Counteract was in continuing violation of that Order.

On March 12, 2002, a hearing was held on that Motion. After that hearing, based on the evidence and reasonable inferences described in its opinion of March 28, 2002, this Court found that Counteract was in contempt of that order, ordered it to cease those violations, told it how to cease those violations and imposed delayed coercive fines if Counteract failed to cease its violations.

In defense of the contempt motion, and again now, Defendant claims that the Court's original injunctive order was not sufficiently clear because it did not anticipate all of the various means by which Counteract could possibly "lead people to believe that Counteract Balancing Beads cling to the inside of a tire in a balancing position as a result of electrostatic cling." Defendant also complains, for the first time, that the Patent Laws allow it to make statements about its patent even if those statements lead people to believe that the Counteract Beads cling to the inside of a tire in a balancing position as a result of electrostatic cling. Also for the

2

first time, Counteract complains that this Court lacked jurisdiction to issue an order restricting internet advertising directed to foreign customers. Finally, Counteract claims that this Court violated its right to due process by referring to an internet search which it had conducted itself and drawing reasonable inferences from the evidence.

Counteract asks this Court to stay its contempt order under Rule 62 of the Federal Rules of Civil Procedure on the grounds that it has demonstrated (1) a likelihood of success on appeal; (2) that it will be irreparably harmed if a stay is not granted; (3) that IMI will not be substantially harmed if the stay is entered and (4) that the public interest lies in its favor.

Each of these claims is wholly without merit. In fact, it is incredible to suggest the public interest will be served by allowing Counteract to continue its misrepresentations and that Counteract will be irreparably harmed if it cannot do so. Accordingly, Counteract's Motion must be denied.

## II. ARGUMENT

### A. Defendant Has Little Likelihood of Success on Appeal

#### 1. Defendant Must Show a Strong Probability of Success On the Merits

According to Counteract, it need show only that it has presented a serious and substantial legal question. However, in the Third Circuit, one seeking a stay pending appeal must make a "strong" showing of probability of success on the merits. Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991), citing, Hilton v. Braunskill, 481 U.S. 770, 733 (1987). As is demonstrated below, Counteract clearly fails to meet this standard, or even the lesser standard which it claims applies.

#### 2. Counteract Will not Prevail on its Claim that The March 28 Order Expands or Makes Ambiguous the Terms of the Order of September 14

In its Order of September 14, 2001, this Court granted a broad injunction barring Defendant from making any statements which "lead people to believe that Counteract Balancing Beads cling to the inside of a tire in a balancing position as a result of electrostatic cling." It did not attempt to anticipate every way in which Counteract might lead people to reach that conclusion. Nor could it have.

4

In reviewing the statements which Counteract made after the injunction issued, this Court did not expand on its Order. It merely undertook an analysis of which, if any, of those statements, "leads the public, customers and potential customers to believe that the beads cling as a result of electrostatic forces." Opinion, p. 8. In each instance, the Court reached the factual conclusion that the challenged statement had that effect and, therefore, violated the injunction. It then instructed Counteract specifically which of its actions had violated the injunction and instructed it to stop those actions or suffer sanctions.

The determinations as to which actions have the effect of causing the public, customers and potential customers to believe that the beads cling as a result of electrostatic forces are factual. On appeal, the Court of Appeals will review those findings only to determine if they are clearly erroneous. That standard of review

> "does not permit an appellate court to substitute its findings for those of the trial court. It allows only an assessment of whether there is enough evidence on the record to support those findings. That a different set of inferences could be drawn from the record is not determinative. It is sufficient that the District Court findings of fact could be reasonably inferred from the entire trial record." Knop v. McMahan, 872 F.2d 1132, 1141 (3d Cir. 1989)

Scully v. US WATS, Inc., 238 F.3d 497, 506 (3d Cir. 2001). Plaintiffs have little or no chance of prevailing under that standard as the Court's opinion carefully describes the evidence and the inferences on which it based its factual findings.

5

Thus, Counteract has not shown that a substantial issue is raised by this complaint, let alone, that it has a strong probability of succeeding on that issue.

> 3. **Defendant is Unlikely to Prevail on its Claim That it is Entitled as a Matter of Law to Refer to Its Patent in its Advertising Materials Even if That Reference Violates This Court's Order of September 14, 2001**

Defendant claims that it is required, or, at least, allowed, under 35 U.S.C. §287, to give notice to the public that its product is protected by an issued and valid United States Patent. They will not succeed on this claim because it was not properly raised and is, in any case, wrong.

It is hornbook law that a party may not raise on appeal an issue not properly raised below. It is also clear that a party may not raise an issue for the first time by violating an order and attacking it collaterally in a contempt proceeding. <u>Harris v. City of Philadelphia</u>, supra; <u>Northeast Women's Center, Inc. v. McMonagle</u>, supra.

Here, Counteract did not raise 35 U.S.C. §287 as an issue until it had violated this Court's order. It is barred from raising it for the first time at that point in the litigation and, therefore, will be barred from raising it on appeal.

In any case, the argument is simply wrong. 35 U.S.C. §287 provides:

> (a) Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, **either by fixing thereon the word**

> "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

(Emphasis added). Clearly, Counteract reads too much into this language when it argues that it has a statutory obligation or right to refer to its patent in its advertising. First, of course, the language is discretionary. Second, it is very specific as to what should be marked in order to gain the protection provided by statute: the product or, if necessary, its packaging. Neither was claimed nor found to be a violation of the Court's injunctive order in this case. Thus, the possibly interesting question of which prevails in case of conflict, the Patent Laws or the Lanham Act, is not presented in this case and Counteract has little probability of succeeding on the issue that is raised.

### 4. The Court Did Not Improperly Rely on Evidence Outside the Record

Counteract apparently complains that this Court conducted an independent investigation and then relied on the results of that investigation in reaching its decision. Specifically, Counteract complains that the Court conducted an internet

7

search during which it discovered another site which advertised Counteract Beads and that it relied on that discovery in finding bad faith and assessing attorneys fees against Counteract.

Unfortunately, IMI is unable to find any indication in the opinion of March 28 that this Court relied on its own internet search in finding bad faith or assessing attorneys' fees.[1] Nor is there any indication that the Court made the inference, suggested by Counteract – that Wheel Weights International Corporation was related to Counteract. The Court merely noted that the results of its very simple search was to pull up the Counteract site along with another site which advertised Counteract's Beads. On this basis, the Court found that Counteract's advertising had an impact on United States. As is noted above, that was a reasonable conclusion.

Moreover, with regard to the propriety of the Court's internet search, that search merely revealed adjudicative facts which are properly subject to judicial notice. Rule 201 F.R.E. Under Rule 201, a Court may take judicial notice of facts which are capable of accurate and ready determination by resort to sources whose

---

[1] In fact, the two are not related since it is not necessary to find bad faith in order to access attorneys fees as a sanction for contempt. <u>Robin Woods Inc. v. Woods</u>, 28 F.3d 396, 399-400 (3d Cir. 1994).

accuracy cannot reasonably be questioned. Here, the only facts found or noticed by the Court were that certain internet searches yield certain results. Counteract does not attempt to dispute those facts.[2] Thus, they were properly noticed by the Court under Rule 201.

### 5. Counteract Will Not Prevail on Appeal on its Claim That This Court is Without Jurisdiction to Restrict A Website Directed at Foreign Consumers

Counteract challenges this Court's jurisdiction to restrict its internet advertising directed at foreign consumers. Again, this is an issue which not raised before this Court entered its injunctive order and, therefore, may not be raised now or on appeal. Again, this is, in any case, an argument without merit.

Here, Counteract makes no new arguments. Rather, each of its arguments has been made before and rejected by this Court.

While, admittedly, Counteract is not a United States citizen, the other two criteria for the exercise of jurisdiction over its website are satisfied. Clearly, Canadian law does not condone, let alone require, false advertising. The small

---

[2] While, arguably, Counteract was entitled to notice and opportunity to be heard as to the propriety of the Court taking judicial notice of the results of its own internet search, they do not suggest in their brief that they would dispute those facts. Rather, they only take exception to any inference which the Court made as to the relationship between Counteract and Wheel Weights, Inc. Since no such inference is apparent in the Court's opinion, Courteract's limited objection must be rejected.

9

possibility that a Canadian court might reach a different factual conclusion regarding the falsity of Counteract's advertising does not create a conflict in the laws of the two countries.

As for the last element, the record fully supports this Court's finding that Counteract's advertisements have a substantial effect on United States commerce. The test here is not quantitative. Rather, the question is whether Counteract's misrepresentations are likely to make their way to American consumers and, therefore, mislead or confuse potential consumers. Sterling Drug Inc. v. Bayer A.G., 14 F.3d 733, 746 (2nd Cir. 1994). There is no serious question that is the case here.[3]

### C. Counteract Has Done Nothing to Sustain Its Burden of Proof Regarding the Balance of the Harm That Might Result From Denial of a Stay

The party who seeks a stay bears the burden of establishing the prerequisites for that stay, including irreparable harm to the movant if the stay is not granted and that the granting of the stay would not substantially harm the other parties.

---

[3]Counteract's reference to Third Circuit's decision in American Civil Liberties Union v. Reno, 217 F.3d 162 (3d Cir. 2000) for the proposition that an order curtailing worldwide internet access would force all web communication to abide by the most restrictive standard is puzzling. The only standard being imposed here is the truth. That standard does not vary from country to country.

10

Ruiz v. Estelle, 666 F.2d 854, 856 (5th Cir. 1982). Counteract has done nothing to sustain its burden of proof on these issues.

Its unsupported claims that it will be irreparably harmed if required to tell the truth do nothing to carry that burden. As is noted above, the Court's Order does not forbid Counteract from giving the notice provided for in 35 U.S.C. §287. Thus, it will suffer no harm to its patent rights. And, there is no evidence that Counteract will lose sales if it is required to tell the truth while its appeals are pending.[4] Likewise, it has failed to carry the burden of proving that the grant of a stay will not harm IMI. Instead, Counteract improperly seeks to switch the burden of proof on that issue. Thus, Counteract has failed to carry its burden of proof as to at least two prerequisites to obtaining a stay.

### D. Counteract Cannot Seriously Contend That the Public Interest Would Be Served by Allowing It to Continue to Lie About its Product

This Court found that Counteract was making misrepresentations to the public about its product. It enjoined Counteract from continuing those misrepresentations. Counteract now claims that the public has some interest in

---

[4] Here again, if Counteract seeks to attack this Court's factual findings regarding its product's performance, the standard of review will be clear error. There is no serious possibility Counteract can satisfy that standard.

11

allowing it to continue those representations. That claim is patently (excuse the pun) absurd.

First, as is demonstrated above, the so-called statutory right to give notice of a patent to the public has no application whatsoever to Counteract's advertising. This Court's Order of March 28 applies only to advertising materials. Thus, there is no impairment of any right under the Patent Laws.

Second, whatever public interest is served by allowing relatively unrestricted access to the internet is easily overcome by the public interest in preventing fraud. Certainly if the First Amendment does not protect false commercial statements, nebulous concerns about access to the internet cannot do so.

## III. CONCLUSION

For the foregoing reasons, this Court should deny Counteract's Motion for a Stay Pending Appeal.

                                      Respectfully submitted,

                                      DUANE MORRIS LLP

Date: April 15, 2002        By: _____
                                      ALLEN C. WARSHAW, ESQ.
                                      Supreme Ct. I.D. Number 17145
                                      JENNIFER L. MURPHY, ESQ.
                                      Supreme Ct. I.D. Number 76432
                                      305 N. Front St, 5th Floor,
                                      P. O. Box 1003
                                      Harrisburg, PA 17108-1003
                                      (717)237-5531

                                      Attorneys for Plaintiff
                                      International Marketing, Inc.

HBG\95828.1

## CERTIFICATE OF SERVICE

On this 15th day of April, 2002, I, Patricia Z. Glusko, a secretary in the law offices of Duane, Morris LLP, hereby certify that I have served this day true and correct copies of the foregoing document in the above-captioned matter, by depositing same in the United States First Class Mail, postage prepaid, in Harrisburg, Pennsylvania, to those persons and addresses indicated below:

Counteract Balancing Beads, Inc.
c/o Kevin W. Goldstein, Esquire
Ratner & Prestia
Suite 209, Webster
3411 Silverside Road
P.O. Box 7228
Wilmington, DE  19803

Patricia Z. Glusko