OFFICE OF THE CLERK

## UNITED STATES COURT OF APPEALS

| | FOR THE THIRD CIRCUIT | |
|---|---|---|
| Marcia M. Waldron<br>Clerk | 21400 United States Courthouse<br>601 Market Street<br>Philadelphia PA 19106-1790 | Telephone<br>267-299-4934 |

www.ca3.uscourts.gov

October 3, 2002

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA  17108


RE: Docket Nos. 01-3704 & 02-1900
    Intl Marketing Inc  vs. Counteract Balancing
    D. C. Civil No. 00-cv-00697


Dear Mrs. D'Andrea:

Enclosed is a certified copy of the judgment in the above-entitled case(s), together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

Kindly acknowledge receipt for same on the enclosed copy of this letter.

Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

                              Very truly yours,
                              MARCIA M. WALDRON
                              Clerk

                         By:  Debra Wall
                              Case Manager


Enclosure

cc:
    Kevin W. Goldstein, Esq.
    Allen C. Warshaw, Esq.

ORIGINAL

123
10/7/02

<u>NOT PRECEDENTIAL</u>

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

FILED
HARRISBURG, PA
OCT 0 4 2002
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

Nos. 01-3704 & 02-1900

INTERNATIONAL MARKETING, INC.

v.

COUNTERACT BALANCING BEADS, INC.

Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 00-cv-00697)
Magistrate Judge: The Honorable J. Andrew Smyser

ARGUED July 24, 2002

BEFORE: SLOVITER, NYGAARD, and BARRY, <u>Circuit</u> <u>Judges</u>.

(Filed September 11, 2002)

Kevin W. Goldstein, Esq. (Argued)
Ratner & Prestia
3411 Silverside Road
Suite 209
Wilmington, DE 19803
    <u>Counsel for Appellant</u>

Allen C. Warshaw, Esq. (Argued)
Klett, Rooney, Lieber & Schorling
240 North Third Street
Suite 600
Harrisburg, PA 17101

        Counsel for Appellee

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

        This case is a Lanham Act case between two competitors that make tire balancing agents. Appellant, Counteract Balancing Beads, Inc., tried to distinguish its product from that of its competitor, International Marketing, Inc., by claiming that its balancing beads remained in place, even when a tire ceased moving, by "electrostatic cling" and thus, its product was superior to International's in which the beads fell to the bottom of the tire every time it stopped.

        The District Court enjoined Counteract from making any statements that lead people to believe that Counteract's balancing beads "cling to the inside of a tire in a balancing position as a result of electrostatic cling." App. at 42-43. Counteract made some revisions to its marketing materials. International protested that the changes still violated the District Court's order. In March 2002, the District Court found Counteract in contempt of its order. The Court found that Counteract was still making false statements, which would lead people to believe that its beads remain in position due to electrostatic

2

cling. The Court ordered Counteract to cease these violations, imposed coercive fines if it failed to do so, and awarded International attorney's fees and costs.

Appellant/Counteract raises five issues on appeal, arguing that the trial court erred by: (1) changing the scope of the permanent injunction entered by the September 2001 Order, with its March 2002 Order, thereby rendering both orders ambiguous; (2) (a) ignoring the Federal Circuit guidelines for complaints involving the use of a patent in commerce, and proceeded with a Lanham Act action without requiring a specific pleading of a "bad faith" element, and (b) using the wrong standard of proof; (3) exceeding the permissible scope of judicial notice by *sua sponte* searching the internet and drawing inferences from this evidence; (4) expanding the permissible jurisdiction and reach of the Lanham Act by precluding Counteract from advertising to its foreign customers on its internet web site; and (5) finding Counteract in contempt and awarding International attorney's fees. We will affirm.

STANDARD OF REVIEW

We conduct a plenary review of the District Court's conclusions of law, its findings of fact for clear error, and its decision to grant or deny an injunction for abuse of discretion. *AT&T Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994). In reviewing a sanction for civil contempt, the standard is whether the district court abused its wide discretion in fashioning a remedy. *Council for Clean Air v. Pennsylvania*, 678 F.2d 470, 478 (3d Cir. 1982).

DISCUSSION

Appellant first argues that the District Court's March 28th, 2002 Order changed the scope of the permanent injunction it entered on September 14th, 2001, thereby rendering both orders ambiguous. Appellant argues that the first order prohibited statements relating to beads clinging due to electrostatic cling. It argues that in contrast, the later order broadens the first, and further enjoins appellant from using "kinetic cling", references to Counteract's newly acquired patent, and statements that the beads cling due to any forces.

These arguments fail. The first order covers any and all statements that lead people to believe that the beads cling to the inside of a tire in a balancing position "as a result of electrostatic cling." App. at 42-43. In the subsequent March order, the Court reached the factual conclusion that each of the challenged statements had the effect of leading people to believe that the beads clung because of electrostatic cling, and therefore, violated the injunction. This finding is not clearly erroneous.

Arguments made by references to Counteract's patent also fail because the patent refers to the beads staying and clinging due to electrostatic forces. The fact that the Appellant may be excessively creative in conveying the same message with different words does not require the court to anticipate every possible way a defendant could possibly create a prohibited impression. We conclude that the Orders were not ambiguous and there is no clear error in the District Court's findings.

4

Appellant next argues that the trial court applied the wrong standard for pleading a *prima facie* case of false advertising where the advertising relates to the use of a patent in commerce. It argues that when the use of a patent in commerce is involved in the allegations of false advertising, bad faith must be proven. Counteract also argues that the Court erred by using a preponderance of the evidence standard, instead of a clear and convincing standard.

Both arguments lack merit. The Court was not asked to rule on the *validity* of the patent and it did not. Unlike the cases relied upon by Counteract, patent enforcement and infringement are not in issue here. The statements in issue – statements in support of a product – can be distinguished from the Lanham Act-patent infringement cases. The District Court is not preventing Counteract from alerting the public to its patent. It is enjoining Counteract from using the patent as a vehicle to misrepresent the electrostatic qualities of its beads, and this is consistent with its Orders.

Counteract argues that the District Court erred by drawing inferences against Counteract based on its own *sua sponte* search of the internet, then resolving all ambiguities against Counteract, and directing a verdict against Counteract without ever giving Counteract a meaningful opportunity to be heard. We need not decide whether this was error, because even if the Court erred, given the other evidence in the case, the error was harmless.

Counteract next argues that the District Court erroneously extended its jurisdiction to regulate the contents of a web site of a foreign corporation directed to foreign commerce. Relying on the fact that Counteract is a Canadian corporation, using a Canadian web server, Counteract argues the Court impermissibly extended the reach of the Lanham Act. We conclude that the Court did not apply the Lanham Act too broadly. Plaintiffs sought only to stop those misrepresentations which are likely to make their way to United States consumers. The Court is not regulating foreign sites, and thus may properly exercise its jurisdiction over content that it has found is likely to make its way into the United States.

Finally, Counteract argues that the two Orders were ambiguous, that it took reasonable steps to comply with them, and thus, that the Court erred by awarding International attorney's fees. Counteract's claim that it did all that it could do ignores the finding of the District Court that "the change to the term 'kinetic' from the term 'electrostatic' was motivated by an objective of preserving the impression of a product that clings by way of electrostatic forces." App. at 57. We have stated that "'willfulness is not a necessary element of civil contempt' and, accordingly, that 'evidence . . . regarding . . . good faith does not bar the conclusion . . . that [the defendant] acted in contempt.'" *Robin Woods, Inc. v. Woods*, 28 F.3d 396, 399-400 (3d Cir. 1994) (citation omitted). A district court has wide discretion in fashioning a remedy for contempt and, based on the trial court's factual findings, it was well within that discretion here.

*Delaware Valley Citizens' Council v. Pennsylvania*, 678 F.2d at 478 ("The standard for our review of a district court sanction for civil contempt is whether the district court abused its wide discretion in fashioning a remedy.").

## CONCLUSION

In summary, we have examined the record, heard the parties' arguments, and conclude that the District Court's findings are unassailable. Its decisions are well within its considerable discretion and we will affirm.

---

TO THE CLERK:

    Please file the foregoing opinion.

    /s/ Richard L. Nygaard
    Circuit Judge

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 01-3704 & 02-1900

INTERNATIONAL MARKETING, INC.

v.

COUNTERACT BALANCING BEADS, INC.,

Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 00-cv-00697)
Magistrate Judge: The Honorable J. Andrew Smyser

ARGUED July 24, 2002

BEFORE: SLOVITER, NYGAARD, and BARRY, Circuit Judges.

JUDGMENT

This cause came to be considered on the record from the United States District Court for the Middle District of Pennsylvania and was argued by counsel on July 24, 2002.

2002.

On consideration whereof, it is now here ORDERED AND ADJUDGED by this Court that the orders of the said District Court entered on September 18, 2001, and March 28, 2002 be, and the same are hereby, AFFIRMED.

Costs taxed against Appellant.

All of the above in accordance with the opinion of this Court.

ATTEST:

_____
Acting Clerk

Date: September 11, 2002

**Certified as a true copy and issued in lieu
of a formal mandate on October 3, 2002**

Teste: *Marcia M. Waldron*

**Clerk, U.S. Court of Appeals for the Third Circuit.**