**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INTERNATIONAL MARKETING, INC., : | |
| : | C.A. No. 1:CV 00-0697 |
| Plaintiff, : | |
| : | |
| v. : | (Magistrate Judge Smyser) |
| : | |
| COUNTERACT BALANCING : | |
| BEADS, INC., : | |
| : | |
| Defendant. : | |

FILED
HARRISBURG, PA
NOV 08 2002
MARY E. D'ANDREA, CLERK
Per _____

RESPONSIVE BRIEF OF COUNTERACT BALANCING BEADS
IN OPPOSITION TO APPLICATION OF
INTERNATIONAL MARKETING FOR AWARD OF ATTORNEYS' FEES

RATNERPRESTIA
Costas S. Krikelis
Kevin W. Goldstein
Nemours Building, Suite 1100
1007 Orange Street
Wilmington, DE  19899
(302) 778-2500

Attorneys for Defendant
Counteract Balancing Beads

Dated: November 7, 2002

## Introduction

Defendant Counteract Balancing Beads, Inc. ("CBB") respectfully requests that this Court deny the application of plaintiff International Marketing, Inc. ("IMI" or "Plaintiff") for an award of attorneys' fees as submitted and set a reasonable amount for such fees, as granted by this Court's March 28, 2002 Order, in view of the issues and objections raised in this response.

## Relevant Background Facts

This Court is well aware of the factual and procedural background of the two parties, their respective products, and the litigation leading to the March 28, 2002 Order of this Court. Such information need not be recounted for this motion.

In the March 28 Order, the Court found CBB in contempt and directed CBB to pay IMI's costs and attorney fees incurred by IMI in filing its motion for contempt. CBB appealed the March 28 Order to the Third Circuit Court of Appeals. On September 11, 2002, the Third Circuit affirmed the March 28 Order. The Third Circuit further noted that

"[c]osts [were] taxed against appellant." (See September 11, 2002 Judgment).

On September 19, 2002, as provided under Third Circuit Local Appellate Rule 39, IMI submitted a Bill of Costs seeking $57.72 in costs. On October 4, 2002, the Clerk for the Third Circuit certified the Judgment of the Third Circuit and provided for $57.72 in costs to be taxed in favor of Appellee-IMI.

On October 17, 2002, IMI filed its Application For Award Of Attorneys' Fees (the "Application") seeking $61,958.68 in attorneys' fees for the preparation, prosecution and appeal of it Motion For Contempt for the time spent by three different law firms. IMI's Application further seeks $1,252.00 in disbursements.

Of the $61,958.68 in attorney fees sought by IMI, at least $24,349.00 represents attorney fees directly incurred for the appeal before the Third Circuit. (*See* IMI's Application, Affidavit of Mark A. Watkins ¶ 5, Exhibit 2; Affidavit of Allen C. Warshaw ¶ 11, Exhibit D ("Time Spent On Appeal")).

This is CBB's response in objection to IMI's Application.

**Argument**

    A.   IMI's Request For Attorney Fees Incurred As Part of the Third Circuit Appeal Should Have Been Submitted To The Third Circuit

The Third Circuit Court of Appeals, before whom the appeal of the March 28 Order was argued, has specific rules regarding requests or petitions for attorneys fees incurred in cases before that Court.  Under Third Circuit Local Appellate Rule 108.1,

> (a)  Except as otherwise provided by statute, *all applications for an award of attorney's fees* and other expenses relating to a case filed in this Court, regardless of the source of authority for assessment, *shall be filed within thirty (30) days after the entry of this Court's judgment*, unless a timely petition for rehearing or suggestion for rehearing en banc has been filed, in which case a request for attorney's fees shall be filed within fourteen (14) days after the Court's disposition of such petition or suggestion.  Such application shall be filed with the Clerk in the time set forth above whether or not the parties seek further action in the case or further review from any Court.

Third Circuit LAR 108.1 (emphasis added).

The Third Circuit entered judgment relating to the appeal on September 11, 2002.  Since that date, IMI has not submitted or filed any petition, request or application with the Third Circuit for attorney fees.  Instead, IMI has submitted to this Court, as part of its application for

- page 3 -

attorney fees under the March 28 Order, the fees incurred at the Third Circuit.

In a similar circumstance before the District Court for the Eastern District of Pennsylvania, Judge Kelly noted that "[t]he language of the rule [LAR 108.1] is clear." *Wolgin v. Kennington Ltd., Inc.*, 2001 WL 1298996, *1 (E.D.Pa. C.A. No. 98-5956, October 25, 2001) (a copy of which attached as Exhibit A). In *Wolgin*, the Court had found Kennington in contempt and awarded Wolgin attorney's fees and expenses. The amount of $78,080 was ordered to be paid to Wolgin along with stipulated costs, all of which was "incurred before the appeal." *Wolgin*, 2001 WL 1298996, *1. After an unsuccessful appeal by Kennington, Wolgin sought from the District Court the attorney fees it had incurred in connection with the appeal. *Wolgin*, 2001 WL 1298996, *1.

In denying Wolgin's request for attorney's fees associated with the appeal before the Third Circuit, the Eastern District Court held that "[i]n order to recover attorney's fees and expenses relating to any case filed in the Third Circuit Court of Appeals, parties must file in

accordance with Rule 108.1. Therefore, this matter is not before the proper court." *Wolgin*, 2001 WL 1298996, *1.

This case is similar. According to Third Circuit rules, IMI should have applied to the Third Circuit for the attorney fees and expenses it incurred as part of the appeal. It is not proper for it to now request such costs at the District Court.

> B. A Portion Of IMI's Request For Attorney Fees Is Submitted Without Sufficient Support Or Detail To Permit Reasonable Review Of Such Time And Fees

CBB objects to the attorney time and expenses recorded by Hahn Loeser & Parks attorneys MAW, RJC, and ERA, as listed in Exhibit 1 to IMI's Application because there are no details or detail description of the services provided for any particular entry. Without such information, CBB is prevented from making any assessment, let alone a reasonable assessment, of whether such services were incurred as part of the contempt motion at issue, or as noted by counsel for IMI, incurred as part of another pending litigation involving the same two parties.

While claiming that such information may be privileged to the client is understandable, it is also a fact that IMI

- page 5 -

has put that specific point at issue by seeking its attorney fees for the contempt motion. IMI should not be permitted to claim a privilege to withhold information and still seek a grant of fees relating directly to that information.

Denying CBB the opportunity to review such information greatly prejudices CBB in providing any consideration of the requested attorney's fees.

> C.  IMI's Requested Attorney Fees, As Invoiced By Three Different Law Firms, For A Contempt Motion Are Duplicative, Redundant And Excessive

Related to the above issue objecting to the absence of detail regarding the time, services and fees of the Hahn Loeser and Parks law firm, CBB objects to IMI's requested attorney fees as being duplicative, redundant and as such excessive.

Three separate and distinct law firms, (1) Duane, Morris & Heckscher; later transferred to Klett Rooney Lieber & Schorling; (2) Hahn Loeser & Parks LLP; and (3) the firm of William C. Cramer, Esquire, each invoiced IMI for the one contempt motion at issue. Six or seven different attorneys, including MAW, RJC, and ERA from the

Hahn Loeser law firm, ACW, JLM and JML (it is unclear whether JLM and JML are the same individual) from the Duane Morris law firm, and at least Mr. Cramer from the Cramer law firm, each reportedly worked on the contempt motion for IMI. At least three of these noted attorneys appear to be partners in their respective law firms.

The Hahn Loeser law firm submits that it provided legal services relating to the contempt motion totaling 58.5 hours and $13,299.50. The Duane Morris law firm invoicing shows that it provided legal services totaling 83.5 hours and $20,769.36, and finally the Cramer law firm shows that it provided legal services totaling 24.0 hours and $3,600.00.

While certain detailed information is provided regarding the tasks and services provided by the Duane Morris law firm, there is no detailed explanation or information provided by IMI to analyze or determine whether the tasks and fees for which the Hahn Loeser law firm invoiced IMI are duplicative or redundant with the tasks and fees also invoiced by the Duane Morris law firm and Cramer law firm. Similarly, the limited description of six entries by the Cramer law firm provides little information

of when or how the 24 hours was incurred, and whether such tasks and fees are redundant or duplicative of the tasks also provided by the Duane Morris law firm and Hahn Loeser law firm.

As the party requesting fees, IMI bears the burden of showing that the request is reasonable. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). An application for attorneys' fees "is required to be specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed." *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1037 (3d Cir. 1996). As part of a review of an application for attorneys' fees, the district court "must review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are excessive, redundant, or otherwise unnecessary." *Local Union No. 1992 Of The International Brotherhood Of Electrical Workers v. The Okonite Co.*, 34 F.Supp.2d 230, 236 (D. N.J. 1998).

CBB contends that it should not have required six different attorneys in three different law firms to

prepare, file and argue a contempt motion for IMI. In the absence of some explanation or detail provided by IMI, CBB contends that the 83.5 hours and $20,769.36 by Duane Morris, the 58.5 hours and $13,299.50 by Hahn Loeser, and the 24.0 hours and $3,600.00 by Cramer includes substantial duplication of effort, redundant or unnecessary tasks, and accordingly includes an excessive application for fees.

CBB acknowledges that it lost the contempt motion before this Court, and it will abide by the Court's Order. However, it is unfair for CBB to pay for three law firms to expend 166 hours and $37,668.86 in fees for a contempt motion without sufficient detailed information to justify such hours and fees.

Where specific objections are raised to an attorney fee request, the Court has the discretion to adjust the requested fees and award in view of the objections. *The Okonite Co.*, 34 F.Supp.2d at 234. CBB contends that a reasonable amount of attorney fees for the contempt motion, in view of the objections raised, would be those fees invoiced by the Duane Morris law firm as the lead counsel preparing and arguing the motion before this Court.

**Conclusion**

For the reasons provided herein, defendant CBB respectfully requests that this Court enter an Order denying plaintiff IMI's Application for Attorneys' Fees as filed, and determine a reasonable amount for such fees in view of the objections raised in this response.

Respectfully submitted,

_____
Costas S. Krikelis
Kevin W. Goldstein
RATNERPRESTIA
Suite 209, Webster Bldg
3411 Silverside Road
P.O. Box 7228
Wilmington, DE  19803
(302) 479-9470

Attorneys for Defendant
Counteract Balancing Beads

Dated: November 7, 2002

Not Reported in F.Supp.2d  
(Cite as: 2001 WL 1298996 (E.D.Pa.))

Page 34

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.

Norman WOLGIN and Robert Wolgin, Plaintiffs,  
v.  
KENNINGTON LTD., INC., Defendant.

No. CIV.A. 98-5956.

Oct. 25, 2001.

*MEMORANDUM AND ORDER*

JAMES McGIRR KELLY, J.

*1 Presently before the Court is a Motion For Reimbursement of Legal Fees (Doc. No. 34) filed by the Plaintiffs, Norman Wolgin and Robert Wolgin ("Plaintiffs"). This Court previously affirmed a portion of an Arbitration Award in the dispute between the parties. See *Wolgin v. Kennington Ltd.*, No. CIV.A. 97-7492, 1998 WL 221034 (E.D.Pa. May 6, 1998). On August 12, 1999, this Court found Kennington Ltd., Inc. ("Kennington") in contempt of the Court's May 6, 1998 Order and awarded the Plaintiffs **attorney's fees** and expenses. See *Wolgin v. Kennington Ltd.*, No. CIV.A. 98-5956, 1999 WL 615869 (E.D.Pa. Aug. 12, 1999). On December 6, 1999, this Court ordered Kennington to pay Plaintiffs $78,080, the amount of **attorneys fees** and costs to which the parties stipulated.

Kennington appealed this Court's August 12, 1999 Order, which the Third Circuit affirmed. Thereafter, Kennington paid a total of $78,080 in **attorney's fees** and expenses, all of which were incurred before the appeal. Plaintiffs come before this Court seeking additional **attorney's fees** and expenses incurred in connection with Kennington's unsuccessful appeal. For the following reasons, Plaintiffs' motion is denied.

Third Circuit Miscellaneous **Local Appellate Rules 108.1** and 108.2 govern the Application for Fees incurred in filing cases in the Third Circuit Court of Appeals. Rule 108.1 expressly states:
(a) Except as otherwise provided by statute, all applications for an award of **attorney's fees** and other expenses relating to a case filed in this Court, regardless of the source of authority for assessment, shall be filed within thirty (30) days after the entry of this Court's judgment, unless a timely petition for rehearing or suggestion for rehearing en banc has been filed, in which case a request for **attorney's fees** shall be filed within fourteen (14) days after the Court's disposition of such petition or suggestion. Such application shall be filed with the Clerk in the time set forth above whether or not the parties seek further action in the case or further review from any Court.
(b) The Court shall strictly adhere to the time set forth above and grant exceptions only in extraordinary circumstances.

The language of the rule is clear. In order to recover **attorney's fees** and expenses relating to any case filed in the Third Circuit Court of Appeals, parties must file in accordance with Rule 108.1. Therefore, this matter is not before the proper court. Accordingly, Plaintiffs' Motion is DENIED.

2001 WL 1298996 (E.D.Pa.)

END OF DOCUMENT

Copr. © West 2002 No Claim to Orig. U.S. Govt. Works

## *CERTIFICATE OF SERVICE*

I hereby certify that a true and correct copy of the foregoing *Responsive Brief of Counteract Balancing Beads in Opposition To The Application of International Marketing For Award Of Attorneys' Fees* was served upon the noted counsel of record by Federal Express on November 7, 2002.

Allen C. Warshaw, Esquire
Klett Rooney Lieber & Schorling
240 North Third Street, Suite 600
Harrisburg, PA 17101

Kevin W. Goldstein