ORIGINAL 

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

INTERNATIONAL MARKETING, INC., :
                               :   C.A. No. 1:CV 00-0697
           Plaintiff,       :
                               :
        v.                  :   (Magistrate Judge Smyser)
                               :
COUNTERACT BALANCING     :
        BEADS, INC.,       :
                               :
        Defendant.      :

**FILED**
HARRISBURG, PA

DEC 1 0 2002

MARY E. D'ANDREA, CLERK
Per _____

SUR REPLY BRIEF OF COUNTERACT BALANCING BEADS
IN FURTHER OPPOSITION TO APPLICATION OF
<u>INTERNATIONAL MARKETING FOR AWARD OF ATTORNEYS' FEES</u>

RATNERPRESTIA
Costas S. Krikelis
Kevin W. Goldstein
Nemours Building, Suite 1100
1007 Orange Street
Wilmington, DE  19899
(302) 778-2500

Attorneys for Defendant
Counteract Balancing Beads

Dated: December 9, 2002

**Introduction**

Defendant Counteract Balancing Beads, Inc. ("CBB") renews its request that this Court deny the application of plaintiff International Marketing, Inc. ("IMI" or "Plaintiff") for an award of attorneys' fees as submitted by IMI and set a reasonable amount for such fees, as granted by this Court's March 28, 2002 Order.  In support of CBB's request, CBB provides the following argument and objections.

**Relevant Background Facts**

On October 17, 2002, IMI filed its Application For Award Of Attorneys' Fees (the "Application") seeking $61,958.68 in attorneys' fees for the preparation, prosecution and appeal of it Motion For Contempt for the time spent by three different law firms.  As previously noted, according to the Application, at least $24,349.00 of the $61,958.68 represents attorney fees incurred for the appeal before the Third Circuit. (*See* IMI's Application, Affidavit of Mark A. Watkins ¶ 5, Exhibit 2; Affidavit of Allen C. Warshaw ¶ 11, Exhibit D ("Time Spent On Appeal")).

IMI has now submitted detailed records for the attorney fees incurred by the Hahn Loeser and Parks firm to support the prior submitted summary tables.  These new records, while providing certain additional detail, are completely inconsistent with the prior records and affidavit in terms of total hours, particular days worked for the two issues (the contempt motion and the appeal), and the breakdown of time for the contempt motion and appeal.

**Argument**

    A.   IMI Misinterprets The Case Law Regarding Its Request For Attorney Fees Incurred As Part of the Appeal to the Third Circuit

IMI argues that the Third Circuit Local Appellate Rule 108.1 has no application to this case because it is not a rule of jurisdiction.  That however is not the issue at hand relating to the application of LAR 108.1.

As part of its argument, IMI relies on certain case law, which IMI concedes was decided well before the enactment of LAR 108.1 and which did not consider that Rule. See, e.g., *Brinker v. Guiffrida*, 798 F.2d 661 (3d Cir. 1986); *Guido v. Schweiker*, 775 F.2d 107 (3d Cir. 1985); *Yaron v. Township of Northampton*, 963 F.2d 33 (3d Cir. 1992); *Liquid Glass Enterprises, Inc. v. Liquid Glass*

*Products International, Inc.*, 1993 U.S. Dist. Lexis 11475 (E.D.Pa. 1993).

In addition to being decided prior to the enactment of LAR 108.1 (which has an enactment date of July 1995), and therefore not addressing application of that Rule, each of the cases cited by IMI involves the application of a separate statutory basis for the award of attorney fees. For example, the *Brinker* case involved an award of fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, while the *Guido* case addressed an award of fees under the Social Security Act, 42 U.S.C. § 406. The *Yaron* decision related to the application of a section 1988 request for attorney's fees, and the *Liquid Glass* court specifically noted that it was relying on a "separate statutory standard [in this case 15 U.S.C. § 1117]" to consider an award of attorneys' fees relating to an appeal. *Liquid Glass*, 1993 U.S. Dist. Lexis 11475, * 7.

Because no separate statutory basis is at issue in this case, the cases cited by IMI are not relevant to the issue of the application of LAR 108.1.

IMI also relies on a decision from the Eighth Circuit considering a different rule. That decision is not

controlling or relevant to a Rule or a decision of the Third Circuit, or decisions in this Circuit addressing the application of LAR 108.1.

In that regard, CBB notes that IMI does not address or respond to the most recent case cited by CBB addressing this direct issue.  See *Wolgin v. Kennington Ltd., Inc.*, 2001 WL 1298996, *1 (E.D.Pa. C.A. No. 98-5956, October 25, 2001).

In *Wolgin*, the District Court for the Eastern District of Pennsylvania noted that "[t]he language of the rule [LAR 108.1] is clear." *Wolgin*, 2001 WL 1298996, *1.  After reviewing the Rule language involving facts similar to the matter at bar, the Court held that "[i]n order to recover attorney's fees and expenses relating to any case filed in the Third Circuit Court of Appeals, parties must file in accordance with Rule 108.1.  Therefore, this matter is not before the proper court." *Wolgin*, 2001 WL 1298996, *1.

CBB contends that this case is like *Wolgin*, and that the attorney's fees and expenses relating to the appeal before the Third Circuit must be presented in accordance with LAR 108.1.  Neither the law or argument presented by IMI suggests otherwise.

### B.    IMI's Additional Materials Detailing Its Request For Attorney Fees Are Inconsistent With Its Prior Records And Still Lack Sufficient Support

CBB renews its objections to the records and attorney time and expenses recorded by Hahn Loeser & Parks attorneys MAW, RJC, ERA, and now added RMB, as attached to the submitted affidavit of Mark A. Watkins which was in turn attached to IMI's Reply Brief.

The additional records, detailing certain attorney time entries for the months of November 2001 through to June 2002, are inconsistent with the prior affidavit and summary table submitted by IMI.  This begs the question as to which records are correct in detailing the attorney time allegedly incurred and invoiced.

More specifically, in its original Application for Attorney Fees, filed October 17, 2002, IMI submitted summary tables of the hours incurred by Hahn Loeser and Parks attorneys ("HLP") and invoiced to IMI for the contempt motion (Exhibit 1) and the appeal to the Third Circuit (Exhibit 2).  Exhibit 1 shows that the hours incurred by the HLP attorneys for the contempt motion occurred on five (5) distinct days:  December 12, 2001;

January 22, 2002; February 21, 2002; March 26, 2002; and April 22, 2002.  The total was 58.5 hours, but provided no details regarding work undertaken for those hours on those five days.

Exhibit 2 shows that the hours incurred by the HLP attorneys for the appeal occurred on three (3) days:  May 22, 2002; July 15, 2002; and July 22, 2002.  The total hours for the appeal time by HLP was 30.9, but again provided no detail of the work undertaken for those approximate 31 hours.

The new submission by HLP on November 18, 2002 provides an additional affidavit with annotated and redacted billing records.  CBB expected that such records would provide the detail for the respective five days and threes days summarized in the original listing and affidavit.  However, the new records list time incurred by the HLP attorneys and apparently invoiced to IMI for many days in November and December 2001, as well as January, February, March, May and June 2002. Moreover, the total hours apparently invoiced to IMI by HLP for the contempt motion went from 58.5 hours to 91.3 hours.

The records do not provide any distinct separation of time incurred by HLP for the contempt motion as compared to the appeal. As such, it appears IMI is submitting no detailed records relating to any hours incurred relating to the appeal to the Third Circuit. CBB does however note that the final three entries (June 27 [2.6], June 28 [1.0] and July 1 [0.5]) shown in the newly submitted records appear to relate to the appeal. The total of these entries is only 4.1 hours, which does not comport with the previously submitted records showing 30.9 hours.

These inconsistencies between the first submitted records and affidavits of IMI, and the newly submitted records and affidavits of IMI, show that there is no reliable support or basis for any of the HLP attorney hours listed. Without sufficient support, detail or basis for the requested HLP hours, CBB contends those hours should be excluded. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983).

Moreover, CBB also notes that the Order of this Court finding for IMI's motion for contempt was entered March 28, 2002. The newly submitted detailed records of IMI include HLP attorney hours for 14.5 hours in May 2002 and 17.8

hours in June 2002, which are after the decision relating to the contempt motion. Moreover, upon review of the IMI records, it appears that substantial time was incurred during May 2002 and June 2002 drafted and revising a rule to show cause. (*See* entries May 10, June 3, June 5, June 11, June 12, June 13, and June 20). CBB does not believe that a Rule to Show Cause was submitted to the Court in the June or July time frame. It is also unclear how this May and June time relates to the contempt motion that was decided on March 28, 2002.

CBB further objects to certain entries in the newly submitted records that appear to relate to a different IMI v. CBB matter. Specifically, the entry of SBH [0.3] on May 6 appears to relate to investigation in preparation for a deposition of R. LeBlanc which occurred on May 7, 2002 in a different matter. Moreover, the entries of RJC on May 13 and May 14, each for 0.6 hours appear to be exactly duplicative of each other.

C.   IMI's Contempt Motion Did Not Warrant Or
     Justify The Effort of Three Different
     Law Firms and Seven or Eight Attorneys

Upon review of the additional records of IMI, CBB renews its objections to IMI's requested attorney fees as being duplicative, redundant and as such excessive.

According the records submitted by IMI, albeit inconsistent as to the HLP time, it appears that the Duane, Morris & Heckscher law firm (later transferred to Klett Rooney Lieber & Schorling), the Hahn Loeser & Parks LLP law firm, and the law firm of William C. Cramer, Esquire, each invoiced IMI for the one contempt motion.  It now appears that at least seven different attorneys (MAW, RJC, ERA and newly added RMB from the Hahn Loeser law firm, ACW, JLM and JML from the Duane Morris law firm, and at least Mr. Cramer from the Cramer law firm), each reportedly worked on the contempt motion for IMI.

Of these three law firms, the Hahn Loeser attorneys incurred either 58.5 or approximately 91.3 attorney hours on the contempt motion, depending upon the records and affidavits reviewed.  The Duane Morris attorneys incurred 83.5 hours, and the Cramer law firm incurred 24.0 hours. The total hours on the contempt motion is either 166 or

198.8.  CBB contends that these number of hours are not supported by the record or the work performed.

The two or three Duane Morris attorneys were the lead counsel on the contempt motion and were more than capable of handling the investigation, briefing and argument. Putting three or four additional attorneys from the Hahn Loeser firm and Cramer firm to work on the motion, to further review and revise the briefing (*see* for example the entries of December 18, 19, 20, 21; January 4, 7, 8, 14, 15, and 16) is not warranted or necessary for the work performed.

As the party requesting fees, IMI bears the burden of showing that the request *is reasonable*. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

CBB again argues that it should not have required seven different attorneys in three different law firms to prepare, file and argue a contempt motion for IMI.  The Court has the discretion to adjust the requested fees and award in view of objections raised by party against whom the fees are being charged. *Local Union No. 1992 Of The International Brotherhood Of Electrical Workers v. The Okonite Co.*, 34 F.Supp.2d 230, 234 (D. N.J. 1998).

CBB contends that the inconsistent information, records and affidavits submitted by IMI relating to the attorney hours of the HLP firm do not support any such fees.  They only beg the question as to which submission, if any, is correct and which hours were in fact incurred for the contempt motion or the appeal.  In view of the objections raised, and the inconsistent submissions of IMI relating to the HLP records and hours, CBB again contends a reasonable award would be those fees invoiced by the Duane Morris law firm as the lead counsel preparing and arguing the motion before this Court.

## Conclusion

For the reasons provided herein, as supporting the prior submission of CBB, CBB respectfully requests that this Court enter an Order denying plaintiff IMI's Application for Attorneys' Fees as filed, and determine a reasonable amount for such fees, as suggested herein, and in view of the objections raised in this and CBB's prior response.

Respectfully submitted,

Costas S. Krikelis
Kevin W. Goldstein
RATNERPRESTIA
Suite 209, Webster Bldg
3411 Silverside Road
P.O. Box 7228
Wilmington, DE  19803
(302) 479-9470

Attorneys for Defendant
Counteract Balancing Beads

Dated:  December 9 , 2002

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Sur Reply Brief of Counteract Balancing Beads in Further Opposition To The Application of International Marketing For Award Of Attorneys' Fees* was served upon the noted counsel of record by Federal Express on December 10, 2002.


    Allen C. Warshaw, Esquire
    Klett Rooney Lieber & Schorling
    240 North Third Street, Suite 600
    Harrisburg, PA 17101


    Kevin W. Goldstein