FILED
SCRANTON
DEC 11 2002

PER _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

INTERNATIONAL MARKETING, INC.   :
                                :
        Plaintiff               :   CIVIL ACTION NO. 1:CV-00-697
                                :   (Magistrate Judge Smyser)
    v.                          :
                                :
COUNTERACT BALANCING BEADS, INC.:
                                :
        Defendant               :

### CLERK'S TAXATION OF COSTS

December  11  , 2002

Pending for taxation is the plaintiff's verified bill of costs totaling $9,728.97. No objections have been filed. For the following reasons, costs will be taxed in favor of the plaintiff and against the defendant in the amount of $6,647.04

The clerk is authorized under Federal Rule of Civil Procedure 54(d)(1) to tax a limited class of litigation expenses:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of

AO 72A
(Rev. 8/82)

>interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The prevailing party must demonstrate that the costs for which reimbursement is claimed are authorized by statute. <u>Green Construction Co. v. Kansas Power & Light Co.</u>, 153 F.R.D. 670, 675 (D.Kan. 1994). The party opposing taxation may defeat an otherwise proper claim for costs by proving that it is "incorrectly stated, unnecessary or unreasonable." LR 54.4(10).

As there are no objections, costs will be awarded in the amount requested for fees of the clerk ($150.00) and deposition transcripts ($3,121.15). These expenses are presumed to be taxable under 28 U.S.C. § 1920 and the defendant has not suggested that the itemized costs were incorrectly stated, unnecessary or unreasonable.

The defendant's failure to object notwithstanding, certain expenses listed on the bill of costs may not be taxed because they are not authorized under § 1920 or the Local Rules of Court. For example, costs for private service of subpoenas will not be taxed because there is no explicit statutory basis for approving the claim. See <u>Crawford Fitting Company v. J.T. Gibbons, Inc.</u>, 482 U.S. 437 (1987). It must be conceded that there is considerable disparity of opinion on the question whether fees of private process servers may be recovered under 28 U.S.C. § 1920. See <u>Collins v. Gorman</u>, 96 F.3d 1057, 1060 (7th Cir. 1996); <u>Alflex Corp. v.</u>

Underwriters Labs, Inc., 914 F.2d 175, 178 (9th Cir. 1990), cert. denied, 502 U.S. 812 (1991); United States v. Merritt Meridian Construction Co., 95 F.3d 153, 172 (2d Cir. 1996); Crues v. KFC Corp., 768 F.2d 230, 234 (8th Cir. 1985). Courts that have awarded costs for privately served subpoenas reason that because congress apparently intended to make service of process a taxable item and because private process servers now perform this function more routinely than the Marshal's Service, that § 1920(1) should be read to allow taxation of fees for private process servers. See Griffith v. Mt. Carmel Medical Center, 157 F.R.D. 499, 508 (D.Kan. 1994). While the Court of Appeals for the Third Circuit has not addressed this issue specifically, our appellate court has consistently interpreted fee-shifting statutes narrowly. See Pope v. East Brunswick Board of Education, 12 F.3d 1244, 1249 n.5 (3d Cir. 1993) (where statutory language is "clear and unambiguous on its face", resort to legislative history is prohibited); In re Philadelphia Mortgage Trust v. Touche Ross & Co., 930 F.2d 306, 307 (3d Cir. 1991) (courts "may include as costs only those items specifically enumerated" in § 1920); Dr. Bernard Heller Foundation v. Lee, 847 F.2d 83, 86 (3d Cir. 1988) (courts may not tax litigation costs that are not specified in § 1920); Eash v. Riggins Trucking, Inc., 757 F.2d 557, 560 (3d Cir. 1985) (cost-shifting statute should not be read more expansively than its plain meaning). Therefore, the statute in question (which speaks only to fees of the Marshal) will

be enforced according to its terms and the plaintiff's request for $130.00 for private subpoena service will be denied.

Taxation of exemplification costs under § 1920 is limited to paper exhibits. <u>Arcadian Fertilizer, L.P. v. MPW Industrial Services, Inc.</u>, 249 F.3d 1293, 1296 (11th Cir. 2001). Therefore, fees for exemplification of papers described by the plaintiff as two copies of a videotape ($180.14) also will be denied.

The plaintiff seeks a total of $3,185.79 for airfare and rental car fees incurred by three witnesses traveling to depositions and trial. This request is not properly supported under the standards for taxation articulated in Local Rule 54.4(4), which provides that "[m]ileage fees for travel outside the district shall not exceed 100 miles each way without prior court approval." The Rule makes prior court approval a mandatory component of taxing costs for witness travel outside the court's subpoena power.[1] See <u>Farmer v. Arabian American Oil Co.</u>, 379 U.S. 227, 234 (1964); <u>National Bancard Corp. v. VISA, U.S.A., Inc.</u>, 112 F.R.D. 62, 69 (S.D.Fla. 1986). As the plaintiff did not seek prior court approval for air travel outside of the district, the taxable amount of witness travel costs will be limited to 200 miles (100 miles each

---

1. To be sure, Local Rule 54.4(4) does not address airfare specifically. Nonetheless, it seems illogical that the court would require approval for straight mileage expenses incurred outside its borders, but permit carte blanche use of air travel.

AO 72A
(Rev. 8/82)

way) at the applicable government rate for mileage reimbursement.[2] Id. Car rental expenses will be disallowed. See Pan American Grain Manufacturing Co. v. Puerto Rico Ports Authority, 193 F.R.D. 26, 34 (D.Puerto Rico 2000).

As the remaining items in the bill of costs appear to be taxable, **IT IS HEREBY ORDERED THAT** costs be taxed in favor of the plaintiff and against the defendant in the amount of $6,647.04.

Any party may appeal this decision to the court within five days. Written specifications of the items objected to and the grounds of objections must be filed and served within five days. LR 54.3.

*Mary E. D'Andrea*
MARY E. D'ANDREA, Clerk

cc: All parties/counsel

---

2. The mileage rate when the travel occurred in 2001 was 34.5 cents per mile. Six 200-mile round trips reimbursed at this rate (one trip per witness for deposition and trial) equals $414.00.