

FILED
HARRISBURG, PA

FEB 0 7 2003

MARY E. D'ANDREA, C
Per _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

INTERNATIONAL MARKETING, INC. :
Professional Arts Building :
Suite C, P.O. Box B :
Chambersburg, PA 17201 :
      Plaintiff, :
       :
v. : CIVIL ACTION
       : No. 1:CV-00-0697
       :
       :
COUNTERACT BALANCING : (Magistrate Judge Smyser)
BEADS, INC. :
13029-8th Line :
RR # 1 :
Georgetown, Ontario L7G 4S4 :
      Defendant. :

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RECONSIDERATION**

**I.  INTRODUCTION**

On January 2, 2003, this Court entered an Order granting in part and

denying in part Plaintiff's Motion for Attorneys' Fees. On January 8, 2003,

KRLSHAR:22829.1

Plaintiff filed a timely Motion for Reconsideration. This Memorandum is filed in support of that Motion.

## II. ARGUMENT

**Local Appellate Rule 108 Has No Application to Proceedings Before This Court**

In its opinion of January 2, 2003, this Court held that Plaintiff's Motion for Attorneys' Fees was untimely because it had not been filed within thirty (30) days of the date the Third Circuit issued its decision. In so doing, the Court agreed with Plaintiff that the Third Circuit rule did not deprive the District Court of jurisdiction, but went on to find that the time limit set forth in the appellate rule did apply to an application submitted to the District Court. Plaintiff respectfully submits that this Court misapplied the appellate rule.[1]

By their very nature, the Third Circuit Local Rules apply only to proceedings before that Court. None of the other Third Circuit Rules even purports to apply to proceedings in the District Court. Nor does Rule 108.

In fact, the Federal Rule of Appellate Procedure which authorizes the Courts of Appeal to promulgate local rules provides that "Each court of appeals . . . may . . . make and amend rules governing *its* practice." F.R.A.P. 47(a)(1). Thus, the

---

[1] This issue was not raised or briefed by either party.

KRLSHAR:22829.1                                2

Third Circuit lacks the power to control the time periods for filing a motion for attorneys' fees in the District Court by means of a local appellate rule.

Moreover, the thirty (30) day time period contained in Local Rule 108 ensures that a motion will be filed in the Court of Appeals while the Court still has the record. It serves no similar purpose in the District Court. In fact, if applied in the District Court, it would make it extremely likely that the motion would be filed before the record had returned to the District Court. There is no reason to require that kind of haste.

### III.   CONCLUSION

Because the Third Circuit lacks the power to promulgate local rules which have the effect of governing proceedings in the District Court, and because applying Local Rule 108 to District Court proceedings serves no rational purpose, this Court should reconsider its Order of January 2, 2003 and grant Plaintiff's Motion for Attorneys' Fees in its entirety.

Respectfully submitted,

KLETT ROONEY LIEBER & SCHORLING
A Professional Corporation

BY: _____
Allen C. Warshaw, Esquire
240 North Third Street, Suite 600
Harrisburg, PA   17101-1503
(717) 231-7718
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

On the 7th day of February, 2003, I, Glenda K. Davidson, a secretary in the law offices of Klett Rooney Lieber & Schorling, hereby certify that I served a true and correct copy of the foregoing Memorandum of Law in Support of Motion for Reconsideration in the above-captioned matter via first class mail, to those persons indicated below:

>Counteract Balancing Beads, Inc.
>c/o Kevin W. Goldstein, Esquire
>Ratner & Prestia
>Suite 209, Webster
>3411 Silverside Road
>P.O. Box 7228
>Wilmington, DE  19803

_____
Glenda K. Davidson

KRLSHAR:22829.1