# IN THE UNITED STATES DISTRICT COURT
## IN AND FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

INTERNATIONAL MARKETING, INC.,

        Plaintiff,

    v.

COUNTERACT BALANCING BEADS, INC.,

        Defendant.

C.A. No. 1:CV 00-0697

(Magistrate Smyser)

FILED
HARRISBURG
APR 0 7 2003
MARY E. D'AN____
P_____

## RESPONSIVE BRIEF OF DEFENDANT COUNTERACT BALANCING BEADS, INC. IN OPPOSITION TO INTERNATIONAL MARKETING, INC.'S MOTION FOR RECONSIDERATION

International Marketing, Inc. ("IMI") has filed a motion requesting reconsideration of this Court's Order of January 2, 2003 to the extent that the Court denied IMI's request for attorney's fees incurred during before the Third Circuit Court of Appeals as being untimely.  This is Counteract Balancing Beads, Inc.'s ("CBB") responsive brief to the motion of IMI.

A.   *Relevant Procedural History*

On January 2, 2003, the Court entered an Order denying that portion of IMI's Motion for its attorney fees incurred as part of the proceedings before the Third Circuit Court

of Appeals.  On January 8, 2003, IMI filed its Motion For
Reconsideration, and on February 7, 2003, IMI filed its
Memorandum in support of its reconsideration motion.

The parties have been engaged in, and are continuing
settlement discussions.  Because finalization of the
settlement agreement has not been reached as of today,
April 7, 2003, CBB submits this Response in opposition to
IMI's reconsideration request.

In summary, CBB contends that IMI has not shown any of
the grounds necessary to warrant a reconsideration of the
Court's decision.  Those grounds include (a) an intervening
change in the relevant law; (b) to take account of newly
discovered evidence; (c) to correct *clear* legal error; or
(d) to prevent manifest injustice. 12 Moore's Federal
Practice, 3d Ed., § 59.03[5].

B.    *Argument*

Of the four grounds recognized to support a motion for
reconsideration, IMI appears to limit its argument to the
third ground, or "to correct clear legal error."  IMI
asserts that Local Appellate Rule 108 has application
solely to proceedings before the Third Circuit.

- page 2 -

While IMI may disagree with the Court's reasoning and finding that Local Appellate Rule 108 "clearly does set forth a 30 day time limit," IMI has not provided any basis of clear error of law. See *FDIC v. Cage*, 810 F.Supp. 745, 747 (D. Miss. 1993).  IMI does not point to any law or rule of this Court which is contrary to the reasoning and analysis in the January 2 Order.  In the absence of any argument or evidence of a legal error in the analysis of the Court, IMI's motion for reconsideration should be denied.

Accordingly, CBB respectfully requests that IMI's Motion For Reconsideration be denied.  A form of Order is attached for the Court's convenience.

*C.   Conclusion*

For the reasons provided herein as may be supplemented by further briefing, defendant CBB respectfully requests that this Court enter an Order denying the motion of plaintiff IMI for reconsideration.

Respectfully submitted,

Costas S. Krikelis
RatnerPrestia
Nemours Building, Suite 1100
1007 Orange Street
Wilmington, DE  19801
(302) 778-2500

Kevin W. Goldstein
RatnerPrestia
Suite 301, One Westlakes
P.O. Box 980
Valley Forge, PA  19482
(610) 407-0700

Attorneys for Defendant
Counteract Balancing Beads

Dated:   April 7, 2003

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Responsive Brief of Defendant Counteract Balancing Beads, Inc. in Opposition To International Marketing, Inc.'s Motion For Reconsideration* was served upon the noted counsel of record by First-Class Mail, postage prepaid, on April 7, 2003.

```
Allen C. Warshaw, Esquire
Klett Rooney Lieber & Schorling
240 North Third Street, Suite 600
Harrisburg, PA 17101-1503
```

Costas S. Krikelis