UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNATIONAL MARKETING, INC., | : | CIVIL NO. **1:CV-00-0697** |
| | : | |
| Plaintiff | : | (Magistrate Judge Smyser) |
| | : | |
| v. | : | |
| | : | |
| COUNTERACT BALANCING BEADS, INC., | : | |
| | : | |
| Defendant | : | |

### ORDER

The plaintiff has filed a motion for reconsideration of the Order of January 2, 2003 insofar as that order contains and applies a determination that the thirty (30) day time limit in Third Circuit Local Rule 108, limiting the duration of time during which a motion for attorney fees may be filed for work performed on an appeal, applies without distinction as to whether counsel files the motion for appellate attorney fees in the Court of Appeals or in the District Court.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A district court may grant a party's

motion for reconsideration when there exists: "(1) the development of an intervening change in the law, (2) the emergence of new evidence not previously available, or (3) the need to correct a clear error of law or prevent a manifest injustice." *Cohen v. Austin*, 869 F.Supp. 320, 321 (E.D. Pa. 1994). If there is no new evidence or no clear error of law, the motion must be denied. *Clifford v. Jacobs*, 739 F.Supp. 957, 958-59 (M.D. Pa. 1990). Mere disagreement with the court does not translate into a clear error or law. *Petruzzi's Inc. v. Darling-Delaware Co., Inc.*, 983 F.Supp. 595, 611 (M.D. Pa. 1996). "A motion for reconsideration is not a tool to relitigate and reargue issues which have already been considered and disposed of by the court." *Id.* "Nor is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment. *Waye v. First Citizen's Nat'l Bank*, 846 F.Supp. 310, 314 (M.D. Pa. 1994), *aff'd*, 31 F.3d 1175 (3d Cir. 1994). In the interest of finality, courts should grant motions for reconsideration sparingly. *Rottmund v. Continental Assurance Co.,* 813 F.Supp. 1104, 1107 (E.D.Pa. 1992).

The argument in support of reconsideration asserts that Third Circuit Local Rule 108 is inapplicable because the issue of entitlement to attorney fees incurred in the appellate process is not an issue involving appellate practice, citing F.R.A.P. 47(a)(1). We believe, though, that an appellate court's rule limiting entitlement to appellate attorney fees arising from work performed in a case in that court is a rule relating to and involving the practice(s) of and before that court.

The plaintiff also argues that a thirty day time limitation requires undue haste. But the rule is thirty days. There is no reason to presume the Court not to have deliberately and studiously decided upon thirty days. If it is inferred, as the argument seems to, that the rule therefore encourages the filing of the motion relating to appellate work in the appellate court, it is hard to see why that would not have been a sound policy objective underlying the rule. Also, the idea that "haste" is introduced is not necessarily correct. The district court can certainly wait for the record to be returned to it to address a timely motion for appellate attorney fees.

      **IT IS ORDERED** that the motion for reconsideration is **DENIED**.

                                          */s/ J. Andrew Smyser*
                                             J. Andrew Smyser
                                             Magistrate Judge

Dated:   May 9, 2003.